UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------------

|  |  |  |
|---|---|---|
| RUDOLPH HILLIARD, | : | |
| | : | Case No. 1:16-cv-2786 |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 15] |
| CHARMAINE BRACY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

--------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Rudolph Hilliard petitions for a writ of habeas corpus to vacate his state sentence.

Magistrate Judge Parker recommends that the Court deny that petition. Hilliard objects.

For the following reasons, the Court **AFFIRMS** Judge Parker's Report and

Recommendation (R&R) and **DENIES** Hilliard's habeas petition.

## I.    Background

Petitioner Hilliard stabbed his former lover to death.[1]  In 2011, Hilliard pled guilty

to aggravated murder and kidnapping.[2]  The trial court sentenced him to twenty-five years

to life for the aggravated murder and sentenced him to seven years for the kidnapping.[3]

After initially failing to appeal, four years later, Petitioner Hilliard appealed his

sentence.[4]  On appeal, Hilliard argued that the trial court failed to merge his offenses and

erred in applying the sentencing factors.[5]  Both state law claims.  The Ohio Court of

---

[1] Doc. 6-1 at 4.
[2] Doc. 6-2 at 10.
[3] *Id.* at 24.  The trial court ran the sentences concurrently.  *Id.*
[4] Doc. 6-1 at 11–12.  That appeal was untimely, but the Ohio Court of Appeals allowed him to proceed.
[5] *Id.* at 32.

Appeals affirmed the sentence and the Ohio Supreme Court declined review.[6]

Pursuing another relief avenue, Hilliard petitioned for state law post-conviction relief.[7] In his state law post-conviction petition Hill argued that the trial court failed to advise him of his right to appeal and failed to merge his offenses.[8] Further, he claimed his trial counsel was ineffective for: (i) failing to advise him of his right to appeal, (ii) allowing him to plead to a void sentence, and (iii) failing to argue certain mitigating factors.[9] The trial court summarily denied his petition as untimely.[10]

Finally, Hilliard sought to re-open his appeal.[11] He argued his appellate counsel had been ineffective for failing to argue that his trial counsel had been ineffective.[12]

Now, Petitioner Hilliard tries, yet again, to escape his sentence. He asks the Court for a writ of habeas corpus under 28 U.S.C. § 2254.[13] Magistrate Judge Parker recommends that the Court deny this petition.[14] Hilliard objects.[15]

## II.    Discussion

The Court reviews the objected-to portions of an R&R *de novo*.[16] Because Petitioner objects to all the R&R's conclusions, the Court considers *de novo* each of Petitioner's claims for relief.

Hilliard argues that the trial court should not have summarily denied his petition to

---

[6] *Id.* at 58, 114.
[7] *Id.* at 115.
[8] *Id.* at 118–21.
[9] *Id.* at 124.
[10] *Id.* at 130.
[11] Doc. 6-1 at 136.
[12] *Id.* at 138–39; *State ex rel. Hilliard v. Russo*, No. 103466, 2016 WL 695569 (Ohio Ct. App. Feb. 17, 2016).
[13] Doc. 1 (original petition); Doc. 9 (amended petition). Respondent returns the writ. Doc. 6 (original return); Doc. 11 (supplemental return). Petitioner files a traverse. Doc. 12.
[14] Doc. 15.
[15] Doc. 17. Respondent responds. Doc. 18.
[16] 28 U.S.C. § 636(b)(1)(c).

vacate and that his trial and appellate counsel were ineffective.  Those arguments fail.

### A.  The Trial Court's Denial of Hilliard's Petition to Vacate Is Unreviewable.

The trial court denied Hilliard's post-conviction petition to vacate with a single sentence.[17]  Chagrined with the court's cursory conclusion, Hilliard filed a motion for findings of fact and conclusions of law—which the trial court denied with an even shorter sentence.[18]

Now, Petitioner argues that the trial court's refusal to explain its reasoning violated the Fourteenth Amendment's due process clause, entitling him to habeas relief.[19] However, errors which may have occurred in a state post-conviction proceeding are not cognizable on federal habeas review.[20]  Accordingly, the Court denies this claim for relief.

### B.  Petitioner's Trial Counsel Was Not Ineffective.

The Sixth Amendment guarantees criminal defendants effective assistance of counsel.[21]  Hilliard argues that his trial counsel fell short of this standard by failing to argue certain mitigating factors.[22]  Not so.

At the outset, it appears that Petitioner likely procedurally defaulted this claim because he failed to properly present this issue to the state courts.[23]   Under Ohio law, claims for ineffective assistance of counsel that can be resolved from the record—like this one—must be brought on direct appeal.[24]  Hilliard failed to do so.

However, the Court need not resolve Petitioner's potential procedural default

---

[17] Doc. 6-1 at 130.

[18] *Id.* at 131, 135.  Petitioner also unsuccessfully sought a writ of mandamus to compel the same. *State ex rel. Hilliard v. Russo*, No. 103466, 2016 WL 695569 (Ohio Ct. App. Feb. 17, 2016).

[19] Doc. 9-1 at 2.

[20] *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

[21] Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

[22] Doc. 9 at 7.

[23] *Hand v. Houk*, 871 F.3d 390, 406–07 (6th Cir. 2017).

[24] *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982).

because his argument is meritless.[25]  To prove ineffective assistance of counsel, Petitioner

must first show that his counsel committed errors so professionally unreasonable that he

was not functioning as counsel at all.[26]  Judicial scrutiny of counsel's decisions is highly

deferential.[27]  Second, Petitioner must demonstrate that there is a reasonable probability

that, but for those errors, the proceeding's outcome would have been different.[28]  This is a

high bar.  Hilliard comes nowhere close to clearing it.

Petitioner claims his trial counsel failed to argue at the sentencing hearing that this

was his first offense and that Hillard had showed remorse.[29]  Hilliard's grievance is

imagined—trial counsel argued both of those things.[30]

Petitioner also claims that trial counsel should have argued that his "extreme love

for the victim" caused him to act "in a sudden fit of passion."[31]  However, counsel's

decision to omit this argument was professionally reasonable.  For one, it would have

undercut Petitioner's acceptance of responsibility, which was the central focus of counsel's

mitigation argument.[32]  Moreover, arguing that Hilliard brutally killed the victim because

he simply loved her too much was as likely to provoke the trial court's ire as elicit its

sympathies.

Even if his counsel's decisions were unreasonable, Petitioner has not demonstrated

prejudice.  Thus, the Court denies this ground for relief.

---

[25] *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.").

[26] *Strickland*, 466 U.S. at 687.

[27] *Id.* at 689.

[28] *Id.* at 694.

[29] Doc. 9 at 7.

[30] Doc. 6-2 at 13 (Defense counsel: "I know you are aware of the fact that this young man has a complete lack of prior criminal history."); Doc. 6-2 at 14 (Defense counsel: "I believe [Hilliard] did step forward, accept full responsibility to the indictment, and again in a few moments he'll express his remorse.").

[31] Doc. 12 at 4–5.

[32] Doc. 6-2 at 14.

### C. Petitioner's Appellate Counsel Was Not Ineffective.

Hilliard also argues that his appellate counsel was ineffective on direct appeal.[33]  On appeal, Hillard's appellate counsel argued that the trial court failed to merge Hilliard's offenses and failed to properly apply the sentencing factors.  Petitioner claims that appellate counsel should have also argued that trial counsel was ineffective for failing to argue certain mitigating factors and failing to object to the merger issue.  Petitioner is wrong.

First, as discussed, trial counsel's sentencing arguments were not ineffective. Appellate counsel's failure to raise a meritless argument can hardly be described as professionally unreasonable.

Second, appellate counsel argued that the trial court failed to merge allied offenses. His decision to challenge the merger issue directly, as opposed to indirectly through an ineffective assistance claim, was not professionally unreasonable.  To the contrary, the mark of effective appellate advocacy is narrowing the appeal to the strongest arguments.

Even if appellate counsel's decisions were professionally unreasonable, Petitioner has not demonstrated prejudice.  Thus, the Court denies this ground for relief.

### III.    Conclusion

For the foregoing reasons, the Court **AFFIRMS** Judge Parker's R&R and **DENIES** Hilliard's petition for a writ of habeas corpus.

The Court certifies that no good faith appeal could be taken from this decision.[34]

---

[33] Doc. 9-1 at 4.
[34] 28 U.S.C. § 1915(a)(3).

-5-

Further, there is no basis upon which to issue a certificate of appealability.[35]

IT IS SO ORDERED.

Dated: February 4, 2019

s/          James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).